IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ARTHUR USHERSON                    )
                                   )
v.                                 )        NO.  3:20-cv-00390
                                   )        JUDGE RICHARDSON
THIRD MAN RECORDS, LLC             )


## ORDER


This case is set for a jury trial on **December 14, 2021 beginning at 9:00 a.m.** Counsel for

the parties shall appear for a Pretrial Conference in this Court on **December 3, 2021 at 8:30 a.m.**

All lawyers who will participate in the trial must attend the pretrial conference.

In light of the uncertain duration of the ongoing COVID-19 pandemic, the number of jury

trials that have had to be postponed,  the legal imperative to prioritize criminal trials once the Court

can hold criminal jury trials again[1], and the congestion of the Court's calendar even prior to the

pandemic, the Court would encourage all parties to make good-faith efforts to resolve their

disputes through mediation or other forms of settlement discussions

### Pretrial Filing Deadlines

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **November 26, 2021**.

The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the

Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for

jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page);

(4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the

---

[1] The Court notes that it has been ready, willing and able to hold civil bench trials throughout the pandemic.  The
Court also notes that civil jury trials can now possibly be held again.  However, as noted above, once criminal trials
also can be held again, the availability of dates for civil jury trials likely will be quite limited.

issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by **November 26, 2021,** the following:

(1) joint proposed jury instructions and verdict forms as follows: Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement. Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities. Counsel shall separately file any disputed jury instructions or verdict forms.

(2) witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3);

(3) exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3). Plaintiff's exhibits shall be pre-marked as "P-1, P-2," etc. Defendant's exhibits shall be pre-marked as "D-1, D-2." The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted into evidence at trial, except upon a showing of good cause; and

(4) any stipulations.

<u>Motions in Limine and Objections to Experts</u>

By **November 19, 2021**, the parties shall file any motions in limine and any motions objecting to expert testimony.  Any responses to such motions shall be filed by **November 26, 2021**.

<u>Information Exchanged but Not Filed</u>

By **November 19, 2021**, the parties shall identify for one another their respective exhibits and make available for examination by any opposing party the original of all exhibits. The parties also shall exchange copies of items identified as exhibits; this requirement is not satisfied by a party merely because it previously produced a copy of the item in discovery, but rather requires a party (absent contrary agreement between the parties) to separately produce a copy of the item in conjunction with specifically identifying the item as a trial exhibit. By this same date, the parties shall exchange designations of portions of depositions to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

<u>Discovery</u>

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)(C). Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rules 39.01(e). Objections to the use of a deposition at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

<u>Pretrial Conference</u>

Counsel shall be prepared, at the Pretrial Conference, to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) discuss any demonstrative aids to be used during opening statements;

(4) preview proposed testimony;

(5) discuss expert testimony;

(6) preview proposed exhibits;

(7) discuss motions in limine;

(8) discuss proposed jury instructions and verdict forms;

(9) discuss settlement; and

(10) discuss any need for possible pretrial briefs.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE